UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE JIMENEZ SANCHEZ,

    Petitioner,

v.

A. NEIL CLARK, Field Office Director,
U.S. Immigration and Customs Enforcement,
et al.,

    Respondents.

CASE NO. C09-0309-RAJ-BAT

ORDER GRANTING TEMPORARY STAY OF REMOVAL

On March 10, 2009, petitioner Jose Jimenez Sanchez, proceeding through counsel, filed a Petition for Writ of Habeas Corpus and Emergency Request for Stay of Removal pursuant to 28 U.S.C. § 2241, along with an Emergency Motion for Ex Parte Stay of Removal. (Dkts. 1 and 2). The same day, the Court entered a temporary stay of removal and directed petitioner to show cause why the Court should not deny petitioner's request for stay of removal and dismiss the petition for lack of jurisdiction. (Dkt. 3). On April 9, 2009, petitioner filed a response to the Court's order to show cause. (Dkt. 6). Petitioner challenges the reinstatement of a prior order of deportation, alleging that he is not an "alien" under 8 U.S.C. § 1252(e)(2)(A), because "he had been approved for Legal Permanent Resident status under INA § 210 (SAW – Special Agricultural Worker) on 12/01/1990." (Dkt. 6 at 1). Petitioner contends that his removal from

ORDER GRANTING TEMPORARY STAY OF REMOVAL     1

the United States without an opportunity to challenge his status pursuant to *De Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008), violates his due process rights.

Accordingly, the Court does hereby find and ORDER:

(1) Petitioner's request for a temporary stay of removal pending a decision on the merits of this is case is GRANTED. The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001)(en banc)(concluding that 8 U.S.C. § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardship tips in petitioner's favor. *Abassi*, 143 F.3d at 514. The Court finds that petitioner meets the second prong. While it is too early to determine whether there is a probability of success on the merits in this case, the Court finds that petitioner raises serious legal questions, alleging that an immigration officer erroneously reinstated a prior order of removal.

In *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007), the Ninth Circuit upheld the constitutionality of the reinstatement regulations which allow an immigration officer to reinstate a prior order of removal without a hearing before an immigration judge. *Id*. at 495-97. The Court noted that the reinstatement statute and its implementing regulations provide "significant procedural safeguards against erroneous reinstatements," requiring proof that the "(1) petitioner is an alien, (2) who is subject to a prior removal order, and (3) who illegally reentered the United States." *Id*. at 495 (citing INA § 241(a)(5), 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8). The Court assumed jurisdiction to review such orders, but limited its review to the three discrete inquiries an immigration officer makes to reinstate a removal order. *See id*.

Sections 1252(a)(2)(A) and 1252(e) further "limit the scope of such review to habeas petitions alleging that the petitioner is not an alien or was never subject to an expedited removal order." *De Ricon v. DHS*, 539 F.3d 1133, 1139 (9th Cir. 2008). Here, petitioner alleges that he is "not an alien" because he retains legal permanent resident status based on his earlier SAW application. (Dkt. 6 at 2). Accordingly, it appears that this Court has jurisdiction to consider petitioner's claim. *See id*.

Petitioner also asserts that his removal from the United States to Mexico would cause irreparable injury to his family because, if he is removed, it is likely that he will never be able to return to the United States. Based on all of the above, the Court finds that the balance of hardship tips in petitioner's favor.

(2) The Court expresses no views at this time as to the merits of petitioner's petition.

(3) The Clerk shall direct a copy of this Order to petitioner, the United States Attorney for the Western District of Washington, and shall forward a copy of this Order to Judge Tsuchida.

DATED this 15th day of April, 2009.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

Recommended for Entry
this 13th day of April, 2009.

/S/Brian A. Tsuchida
BRIAN A. TSUCHIDA
United States Magistrate Judge